**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

CISCO SYSTEMS, INC. and
CISCO TECHNOLOGY, INC.,

    Plaintiffs,

v.                                                                                           No. 2:21-cv-02139-TLP-tmp

LAMINATION SERVICE, INC., LSI
GRAPHICS, LLC, EZZELL ENTERPRISE,
INC., HES LIMITED (also d/b/a as BEIJING
DECENT TECHNOLOGY, CO. LTD.,
HARDWARE FOCUS, QDQB TECH
HARDWARE, CASSIA NETWORK LIMITED,
and GLOBAL NETWORKS TECHNOLOGY),
and DOES 1-50,

    Defendants.

ANSWER OF DEFENDANTS LSI GRAPHICS, LLC, AND EZZELL ENTERPRISE, INC.

Defendants LSI Graphics, LLC f/k/a Lamination Service, Inc., and Ezzell Enterprise, Inc. (together "LSI Defendants"), for their answer to the Plaintiffs' Complaint in the above-captioned matter, state as follows:

I.

The Complaint fails to state a claim upon which relief can be granted.

II.

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

III.

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and acquiescence, because Plaintiff has unreasonably delayed in bringing the action and such delay has substantially prejudiced the LSI Defendants.

IV.

The LSI Defendants have not infringed any trademark of Plaintiffs or violated any statutory or common law.

V.

Without waiving and subject to the objections and defenses herein, the LSI Defendants respond to the numbered paragraphs of the Complaint as follows:

1. To the extent Paragraph 1 with the heading "Introduction" contains any factual allegations, the LSI Defendants deny any such factual allegations.

2. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

3. It is admitted that the Defendant Lamination Service, Inc. was a Tennessee for profit corporation that statutorily converted to LSI Graphics, LLC, a Tennessee limited liability company effective November 21, 2017; and that LSI Graphics, LLC f/k/a Lamination Service, Inc. has a principal place of business located at 2950 Brother Blvd., Suite 103, Bartlett, Tennessee. Any remaining allegations are denied.

4. It is admitted that the Defendant Ezzell Enterprise, Inc. is a Tennessee for profit corporation formed on October 6, 2017, and that it has a principal place of business located at 2950 Brother Blvd., Suite 103, Bartlett, Tennessee. Any remaining allegations are denied.

5. The allegations of Paragraph 5 are not directed at these Defendants; therefore, no response is required. To the extent Paragraph 5 contains any factual allegations intended to affect the LSI Defendants, these are denied.

6. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding purported Doe defendants; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 6 contains any factual allegations directed to the LSI Defendants, these are denied.

7. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 regarding purported Doe defendants; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 7 contains any factual allegations directed to the LSI Defendants, these are denied.

8. The allegations of Paragraph 8 are denied.

9. The allegations of Paragraph 9 are denied.

10. The allegations of Paragraph 10 constitute legal conclusions to which no response is required. For further answer, the LSI Defendants deny they have violated the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act") and deny any liability for any related causes of action.

11. The allegations of Paragraph 11 constitute legal conclusions to which no response is required. For further answer, the LSI Defendants deny any liability for any purported state law claims.

12. The allegations of Paragraph 12 relating to whether the Court has personal jurisdiction over the Defendants constitute legal conclusions to which no response is required. It is admitted that the LSI Defendants do business in Tennessee. It is denied that the LSI

Defendants misled any consumers, committed any tortious acts, or caused any injuries to Plaintiffs. Any remaining allegations are denied.

13. It is admitted that the Defendant Lamination Service, Inc. was a Tennessee for profit corporation that did business in Tennessee and statutorily converted to LSI Graphics, LLC, a Tennessee limited liability company, which does business in Tennessee; and that Defendant Ezzell Enterprise, Inc. is a Tennessee corporation with a principal place of business in Tennessee. Any remaining allegations are denied. For further answer, the LSI Defendants deny they engaged in any intentional or negligent acts or omissions.

14. The allegations of Paragraph 14 are not directed at these Defendants; therefore, no response is required. To the extent Paragraph 14 contains any factual allegations applicable to the LSI Defendants, these are denied.

15. The allegations of Paragraph 15 constitute legal conclusions to which no response is required. To the extent Paragraph 15 contains any factual allegations applicable to the LSI Defendants, these are denied.

16. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

17. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

18. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

19. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

20. The allegations in the first sentence of Paragraph 20 constitute legal conclusions to which no response is required. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 20; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

21. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

22. The allegations of Paragraph 22 are denied.

23. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. For further response, the LSI Defendants deny that they have infringed any trademark of Plaintiffs, counterfeited any trademarks of Plaintiffs, or otherwise engaged in any unfair competition or unfair or deceptive trade practices or acts.

24. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. For further response, the LSI Defendants deny that they have infringed any trademark of Plaintiffs, counterfeited any

trademarks of Plaintiffs, or otherwise engaged in any unfair competition or unfair or deceptive trade practices or acts.

25. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

26. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

27. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 27 regarding the specific number of federal government contracts as it does not have records that date back to 1983; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. For further response, the LSI Defendants admit that LSI Graphics, LLC f/k/a Lamination Service, Inc. entered into multiple contracts with various federal government agencies for the sale of laminated pouches for identification badges that did not include the sale of any Cisco-branded or other computer equipment; that any contracts with federal government agencies prior to 2012 would have been solely for that purpose; that most contracts with federal government agencies after 2012 also involved the sale of badge systems that did not include the sale of any Cisco-branded equipment; and that, between 2012 and 2015, LSI Graphics, LLC f/k/a Lamination Service, Inc. sold certain Cisco-branded products to departments of the United States Army, Centers for Disease Control and Prevention, Nuclear Regulatory Agency, Federal Emergency Management Agency, and Department of Veterans Affairs. Any remaining allegations are denied.

28. The allegations of Paragraph 28 are denied as stated. For further response, any integrated software and hardware solutions for badge access sold by LSI Graphics, LLC f/k/a Lamination Service, Inc. did not integrate or otherwise involve the use of any Cisco products.

29. The allegations of Paragraph 29 are denied as stated. It is admitted that Thomas Ezzell, Jr., d/b/a Service Disabled Vet Enterprise entered into certain federal government contracts with the Defense Logistics Agency for the sale of laminated pouches for identification badges and with the Department of Veteran Affairs for the sale of certain promotional items (e.g., tablecloths, decals, and other logo merchandise items) none of which included the sale of any Cisco-branded products. It is denied that Thomas Ezzell, Jr., is the Registered Agent for Ezzell Enterprise, Inc.

30. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 30 contains any factual allegations intended to affect the LSI Defendants, these are denied.

31. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 31 contains any factual allegations intended to affect the LSI Defendants, these are denied.

32. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 32 contains any factual allegations intended to affect the LSI Defendants, these are denied.

33. The allegations in paragraph 33 are denied as stated to the extent they are intended to imply that Authorized Resellers are the only entities that can sell Cisco products and services to end users, which is denied. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 33 contains any factual allegations intended to affect the LSI Defendants, these are denied.

34. The allegations in the first sentence of Paragraph 34 are denied as stated. For further response, it is denied that Cisco's Authorized Resellers are the only direct interface with customers who use Cisco products and services. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. To the extent Paragraph 34 contains any factual allegations intended to affect the LSI Defendants, these are denied.

35. The allegations of Paragraph 35 are denied.

36. It is denied that any of the LSI Defendants knowingly imported any counterfeit Cisco products. The LSI Defendants admit that they received seizure or detention notices from U.S. Customs and Border Patrol for certain of the shipments listed in the chart included in Paragraph 36, but they are without knowledge or information sufficient to form a belief as to the truth of each of the referenced notices and described products; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. For further answer, the LSI Defendants either abandoned, or never asserted, any interest or claim in any property that was detained or seized.

37. The allegations of Paragraph 37 are denied as stated. It is admitted that Cisco's outside counsel sent a letter dated November 11, 2019 addressed to "Ezzell Enterprises, Inc. (a/k/a LSI Graphics, LLC)" about certain Cisco branded products that had been detained by CBP and that Mr. Daniel cooperated with Cisco's counsel and provided information requested. Any remaining allegations are denied. For further response, Mr. Daniel's email to Cisco's counsel speaks for itself.

38. It is admitted that LSI Graphics, LLC f/k/a Lamination Service, Inc. sold certain computer products to the City of Toledo, including 52 Cisco-branded transceivers. It is denied that any such transceivers were counterfeit. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 38; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

39. It is admitted that Cisco's outside counsel sent a letter dated January 8, 2013, to Lamination Service, Inc., and that Lamination Service, Inc. provided documentation that it purchased the products from CentricsIT. Any remaining allegations are denied.

40. It is denied that the LSI Defendants sold any counterfeit products to the United States Army. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

41. It is admitted that Cisco's outside counsel sent a letter dated December 16, 2013, to Lamination Service, Inc., and that Lamination Service, Inc. provided documentation that it purchased certain Cisco-branded products from CentricsIT. It is denied that the LSI Defendants

sold any counterfeit products, and it is denied that the LSI Defendants knowingly sourced any counterfeit products from any person. The remaining allegations are denied.

42. It is admitted that Cisco's outside counsel sent a letter dated January 16, 2014, to Lamination Service, Inc. It is denied that the LSI Defendants sold any counterfeit products to the Army National Guard. The remaining allegations are denied.

43. It is denied that the LSI Defendants sold any counterfeit products to JR International or to any other person. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

44. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 44; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. The LSI Defendants admit that Cisco's counsel sent a letter dated November 13, 2015, to the attention of Mason Ezzell, III, with Lamination Service, Inc., about the sale of certain transceivers to JR International and that Mr. Ezzell provided a copy of Lamination Service, Inc.'s invoice. The LSI Defendants admit that, prior to the November 2015 letter, Cisco's counsel had sent a separate letter dated October 8, 2015, to the attention of Mason Ezzell, III, with Lamination Service, Inc. It is denied that the LSI Defendants sold any counterfeit products to the Government, JR International, or any other person. The remaining allegations are denied.

45. It is admitted that a copy of Digital Devices Limited's invoice to Lamination Service, Inc., reflecting the cost of the transceivers was provided to Cisco's counsel on or about December 14, 2015. The LSI Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations in the third sentence of Paragraph 45; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

      46.     The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first five (5) sentences of Paragraph 46; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. The remaining allegations are denied. It is specifically denied that the LSI Defendants sold any counterfeit products to Sourcing Solutions or to any other person.

      47.     It is denied that the LSI Defendants sold any counterfeit products to Sourcing Solutions. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

      48.     It is admitted that Cisco's outside counsel sent a letter dated June 10, 2016 to Lamination Service, Inc., which speaks for itself. Any remaining allegations are denied.

      49.     It is admitted that Mr. Daniel sent a letter dated June 23, 2016, to Cisco's outside counsel, which speaks for itself, and includes the statement that "LSI has no intention of selling any counterfeit equipment from any manufacturer, including Cisco" and that advised the modules referenced in Cisco's counsel's June 10, 2016 letter were ordered from Hardware Focus Limited. Any remaining allegations are denied.

      50.     It is admitted that the invoices provided to Cisco's outside counsel reflect an address for Hardware Focus Limited that is the same as an address listed on an invoice from HES and that includes certain pricing information for the orders. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the last

11

sentence of Paragraph 50; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied. Any remaining allegations are denied.

51. The allegations of Paragraph 51 are denied.

52. The LSI Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

53. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

54. The allegations of Paragraph 54 are denied.

55. The allegations of Paragraph 55 are denied.

56. The allegations of Paragraph 56 are denied.

57. The allegations of Paragraph 57 are denied.

58. The allegations of Paragraph 58 are denied.

59. The allegations of Paragraph 59 are denied.

60. The allegations of Paragraph 60 are denied.

61. The allegations of Paragraph 61 are denied.

62. The LSI Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

63. The LSI Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63; therefore, under Rule 8(b)(5) of the Federal Rules of Civil Procedure, these allegations are deemed denied.

64. The allegations of Paragraph 64 are denied.

65. The allegations of Paragraph 65 are denied.

66. The allegations of Paragraph 66 are denied.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied.

69. The LSI Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

70. The allegations of Paragraph 70 are denied.

71. The allegations of Paragraph 71 are denied.

72. The allegations of Paragraph 72 are denied.

73. The allegations of Paragraph 73 are denied.

74. The allegations of Paragraph 74 are denied.

75. The LSI Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

76. The allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77, including subparagraphs A through C thereof, are denied.

78. The allegations of Paragraph 78 are denied.

79. The allegations of Paragraph 79 are denied.

80. To the extent Paragraph 80 contains any factual allegations directed to the LSI Defendants, these are denied. It is expressly denied that the Plaintiffs are entitled to any award in their favor, including for any attorney's fees and costs, from these Defendants.

81. The LSI Defendants incorporate by reference their responses to the preceding paragraphs of the Complaint.

82. The allegations of Paragraph 82 are denied.

83. The allegations of Paragraph 83 are denied.

The allegations in the section of the Complaint entitled "Prayer for Relief" are denied, and it is further denied that the Plaintiffs are entitled to any relief or damages from these Defendants.

Any allegations of the Complaint not specifically admitted, explained, or denied are hereby denied.

VI.

**ADDITIONAL AFFIRMATIVE DEFENSES**

1. It is denied that Plaintiff is entitled to a verdict against or to any recovery from the LSI Defendants.

2. The Plaintiffs have failed to set forth with required particularity any allegations of fraud against the LSI Defendants.

3. The Plaintiffs lack standing.

4. The Complaint is barred, in whole or in part, on the grounds that any resale of the Plaintiffs' goods by the LSI Defendants is protected under the first sale doctrine and does not constitute trademark infringement or unfair competition.

5. The Complaint is barred, in whole or in part, on the grounds that any use by the LSI Defendants in reselling products bearing the Plaintiffs' asserted mark has been a nominative fair use necessary to identify Plaintiffs' goods.

6. The vendors who sold products to the LSI Defendants claimed they were genuine products of Plaintiffs.

7. In the event the Plaintiffs failed to mitigate some or all of their alleged injuries and/or damages, the Plaintiffs' recovery, if any, should be barred or reduced accordingly.

8. The Plaintiffs' damages, if any, were caused either in whole or in part by the actions and conduct of other persons for whose conduct the LSI Defendants are not responsible.

9. In the event the proof shows that the Plaintiffs' claims under the Tennessee Consumer Protection Act are frivolous, without legal or factual merit, or were brought for the purpose of harassment, then the LSI Defendants assert that they are entitled to indemnification for any damages incurred, including reasonable attorneys' fees and costs, pursuant to Tenn. Code Ann. § 47-18-109(e)(2).

10. The LSI Defendants adopt and incorporate by reference any affirmative defenses included by any other defendant in this case.

The LSI Defendants reserve the right to amend this Answer to plead any additional defenses and/or assert a counterclaim as may be appropriate based on the facts and evidence developed during the discovery process.

Having fully answered the allegations of the Complaint, the LSI Defendants pray that this case be dismissed at Plaintiffs' cost and that the Court award the LSI Defendants all costs, expenses, and attorneys' fees to which they are entitled under applicable law, including but not limited to 15 U.S.C. §1117(a) and Tenn. Code Ann. § 47-18-109(e)(2).

Respectfully submitted,

*s/Emily Hamm Huseth*
Brett A. Hughes, TN BPR # 18048
Emily Hamm Huseth, TN BPR #29192
Harris Shelton Hanover Walsh, PLLC
6060 Primacy Parkway, Suite 100
Memphis, Tennessee 38119
(901) 525-1455
bhughes@harrisshelton.com
ehuseth@harrisshelton.com
*Counsel to the LSI Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 19, 2021, a true and correct copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

*s/Emily Hamm Huseth*
Emily Hamm Huseth