### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LAMINATION SERVICE, INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> )  No. 2:21-cv-02139-TLP-tmp <br> ) <br> )  JURY DEMAND <br> ) <br> ) <br> ) |

## ORDER DENYING REQUEST TO SERVE DEFENDANT HES LIMITED BY EMAIL

### BACKGROUND

This is a trademark action. (ECF No. 1.) Plaintiff Cisco Systems, Inc. is a California company that owns the trademarks that Plaintiff Cisco Technology, Inc. ("CSI") uses in marketing Cisco products. (*Id.* at PageID 2.) Plaintiffs are suing three Defendants. (*Id.*) One of those Defendants is HES Limited ("HES"), a Chinese company with its principal business location in Hong Kong, China. (*Id.*) Plaintiffs claim that HES illegally exports counterfeit products to the United States, and then sells those products to Tennessee companies. (*Id.* at PageID 2–3.)

Plaintiffs now ask the Court to permit them to serve HES by email under Federal Rule of Civil Procedure 4(f)(3), rather than serve through the Hague Convention. (ECF No. 29.) In short, Plaintiffs argue that HES does not have a fixed address in the United States or China, and so, email would be the best way to serve HES. (*Id.* at PageID 141.) Plaintiffs explain that the other Defendants here have communicated with HES through email. (*Id.*) And Plaintiffs claim

that they have been unable to locate a reliable physical address for HES, despite multiple efforts. (*Id.*)  Plaintiffs note that they tried to investigate the whereabouts of HES, which led to a shipment location address—not its headquarters.  (*Id.*)  Additionally, HES's leader is allegedly eluding Chinese authorities, which means Plaintiffs cannot accurately locate him either.  (*Id.*) Plaintiffs argue that serving HES by email will be the most certain way to reach the company. (*Id.*)

Plaintiffs make three points: (1) service by email is allowable; (2) the Hague Convention does not apply; (3) and email service complies with Rule 4 and due process.  (*Id.* at PageID 142.) For the reasons below, the Court **DENIES** Plaintiffs' motion without prejudice.

## ANALYSIS

I.   **Plaintiffs Need not Serve Process Through the Hague Convention**

For starters, Federal Rule of Civil Procedure 4 ("Rule 4") dictates how plaintiffs should serve process on defendants.  Some courts require that a plaintiff first attempt service under Rule 4(f)(1)—"by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention."  *See NOCO Co. v. Liu Chang*, No. 1:18-cv-2561, 2019 WL 2135665, at *2–4 (N.D. Ohio May 16, 2019).

And both the United States and China are signatories to the Hague Convention.  *Noco Co. v. Zhejiang Quingyou Elec. Com. Co.*, No. 1:20cv1170, 2021 WL 268770, at *2 (N.D. Ohio Jan. 27, 2021).  The Hague Convention is a multilateral treaty "intended to provide a simpler way to serve process abroad, to assure that defendants sued in foreign jurisdictions would receive actual and timely notice of suit, and to facilitate proof of service abroad."  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988).  Countries that join the Hague Convention create a central authority that receives requests for service from people in other countries.  *Id.*

The Hague Convention states that it "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, art. 1. What is more, "compliance with the convention is mandatory in all cases to which it applies." *Schlunk*, 486 U.S. at 705.

So based on Rule 4(f)(1), Plaintiffs here need to serve HES by following the Hague Convention guidelines. But that is not all. Rule 4 lists other means of service. For example, Rule 4(f)(3) allows a plaintiff to serve a defendant "by other means not prohibited by international agreement, as the court orders." And so, a court may allow alternative means of service under Rule 4(f)(3). This leads to a question—does Rule 4 create a hierarchy requiring a plaintiff to follow Rule 4(f)(1), before seeking a court order under Rule 4(f)(3)?

The advisory committee notes to Rule 4 suggest that courts may allow a "special method of service" under Rule 4(f)(3), even if service is also possible through Rule 4(f)(1). *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). But the Sixth Circuit has not yet addressed "whether there is a hierarchy of preference among Rule 4(f)'s methods of service." *Slay v. IB Travelin, Inc.*, No. 2:18-cv-02728, 2019 WL 572877, at *2 (W.D. Tenn. Feb. 12, 2019). And district courts in the Sixth Circuit are split on the issue. *See id.*; *see also Noco Co.*, 2021 WL 268770, at *3 (collecting cases). This Court, however, finds the Ninth Circuit's analysis of this issue persuasive.

In *Rio Properties, Inc.*, the Ninth Circuit found that nothing in Rule 4(f)'s text or structure suggests that a party *must* attempt service under Rule 4(f)(1) first. 284 F.3d at 1015. Instead, "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." *Id*. As a result, the court there found that "court-directed-services under Rule 4(f)(3) is as favored as service available under Rule

3

4(f)(1)." *Id.* This Court agrees. Nothing in Rule 4(f) requires parties to attempt service through the Hague Convention before trying an alternative form of service under Rule 4(f)(3).

And so, like many of the district courts in this Circuit, this Court finds that Plaintiffs need not attempt service under the Hague Convention here. *See, e.g.*, *Slay*, 2019 WL 572877, at *2; *Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017); *Fed. Trade Comm'n v. Repair All PC, LLC*, No. 1:17CV869, 2017 WL 2362946, at *3 (N.D. Ohio, May 31, 2017); *Lexmark Int'l Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 262 (S.D. Ohio 2013). But the Court has to consider more than this to resolve the issue Plaintiffs raise here.

## II.     Plaintiffs Have Not Shown That Email Will Apprize Defendants Under Rule 4(f)(3)

Service under Rule 4(f)(3) must be (1) directed by the court and (2) not prohibited by international agreement. Fed. R. Civ. P. 4(f)(3). What is more, "many courts do require, as a factor in weighing whether to exercise its discretion and allow substituted service, a showing 'that reasonable efforts to serve the defendant have already been made, and that the Court's intervention will avoid further burdensome or futile attempts at service.'" *Phoenix Process Equip. Co. v. Cap. Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (quoting *United States v. Alphatec Spine, Inc.*, No. 1:13-cv-586, 2016 WL 1182260, at *2 (S.D. Ohio Mar. 28, 2016)). All in all, whether to allow alternative service under Rule(f)(3) is in the court's discretion. *Noco Co.*, 2021 WL 268770, at *4.

The Sixth Circuit directs that the method of service "must also comport with constitutional notions of due process." *Studio A Entm't, Inc. v. Active Distributors, Inc.*, No. 1:06cv2496, 2008 WL 162785, at *3 (N.D. Ohio Jan. 15, 2008). And the Supreme Court explains that the method has to be "reasonably calculated, under all the circumstances, to apprize

4

interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 314, 314 (1950).

Plaintiffs here claim they have been unable to locate a reliable physical address for HES. (ECF No. 29 at PageID 3.) And they correctly note that service of process by email can be a reliable method of service sometimes especially if defendants conduct business under various online seller names and use email to operate their business. *See Clarity Sports Int'l, LLC v. Redland Sports*, No. 20-51484, 2021 WL 228896, at *3 (E.D. Mich. Jan. 22, 2021) ("[i]n cases where Defendants have conducted business online, via email or other electronic means, courts in this Circuit have permitted service of process by email and other alternative methods" (internal quotation marks and citations omitted)).

That said, however, Plaintiffs' motion does not provide the Court with enough information for the Court to determine whether serving HES through email is "reasonably calculated" to reach HES. In fact, Plaintiffs do not seem to have attempted service yet. They did not try to serve HES through the Hague Convention. And presumably, Plaintiffs did not mail or email HES a waiver of service request. *See Slay*, 2019 WL 572877, at *3 (finding that mailing a waiver of service request or communicating with local counsel for defendant would help the court decide whether to employ Rule 4(f)(3)).

Nor did Plaintiffs give this Court a reliable email address that they would use to serve HES. *See Lexmark Int'l, Inc.*, 295 F.R.D. at 262 (Plaintiff presented the Court with verified email addresses at which it sought to serve Defendants); *see also Elcometer, Inc. v. TQC-USA, Inc.*, No. 12-CV-14628, 2013 WL 592660, at *3 (E.D. Mich. Feb. 14, 2013) (holding that service by email was reasonably calculated to provide defendants notice of the action after finding that

5

Plaintiffs' counsel submitted emails to the defendant's email address seeking waiver of service of process when defendants received and responded to counsel's emails).

To be sure, the Court recognizes that it may not be feasible for Plaintiffs to undertake all the actions suggested above. And the Court also recognizes that Plaintiffs have sought to find a reliable location and address for HES to no avail. But even so, the Court needs Plaintiffs to give it more information about their efforts to serve HES or their plan for doing so. In the end, this Court needs more information before it can find that email here is "reasonably calculated" to apprize HES of this action.

## **CONCLUSION**

Plaintiffs have not shown that they have made reasonable efforts to serve HES. As a result, the Court **DENIES WITHOUT PREJUDICE** the motion for alternative service. (ECF No. 29.) Plaintiffs have ninety days from the entry of this Order to either (1) serve HES through the Hague Convention, or (2) renew its motion for alternative service with supplemental evidence showing that it has made additional efforts to serve HES.

**SO ORDERED**, this 21st day of May, 2021.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE